# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| YOSILA GODINEZ, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:20-cv-00828-GAF ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant the United States Department of Homeland Security (DHS) and Defendant the United States Citizenship and Immigration Service (USCIS) provide the following Answer and Affirmative Defenses to the general allegations and remaining count of the Complaint, pursuant to Rule 12(a)(4)(A):

1. Paragraph 1 of the Complaint states purely legal conclusions and statements of opinion to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states purely legal conclusions to which no response is required. Federal statutes and regulations speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 2 of the Complaint.

3. Defendants admit that because special immigrant juvenile ("SIJ") classification is a preference category, there are limits on visa availability. Paragraph 3 of the Complaint states purely legal conclusions to which no response is required. Federal statutes and regulations speak for themselves. To the extent a response is required, Defendants deny any remaining factual allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit that USCIS routinely denies the applications for employment authorization documents ("EADs") filed by individuals with SIJ-classification. Defendants admit that USCIS maintains that individuals with SIJ-classification are not automatically humanitarian parolees within the meaning of 8 C.F.R § 274a.12(c)(11). Defendant lacks sufficient knowledge to admit or deny the allegations regarding the specific cases mentioned in paragraph 5 of the Complaint, and therefore denies them. The remainder of paragraph 5 of the Complaint states purely legal conclusions and statements of opinion to which no response is required. Federal statutes, regulations, and official forms speak for themselves. To the extent a response is required, Defendants deny any remaining factual allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states purely legal conclusions to which no response is required. Federal statutes and regulations speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states purely legal conclusions to which no response is required. Federal statutes and regulations speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 8 of the Complaint.

9. Defendants admit that the United States Department of Homeland Security (DHS) is a department of the United States and maintain offices within this district. Defendants admit that the United States Citizenship and Immigration Service (USCIS) is an agency of DHS and that USCIS maintain offices within this district. The remainder of paragraph 9 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves.

10. Defendants admit that DHS is a department of the United States and maintain offices within this district. Defendants admit that USCIS is an agency of DHS and that USCIS maintain offices within this district. The remainder of paragraph 10 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves.

11. Paragraph 11 of the Complaint states purely legal conclusions to which no response is required. By way of further answer, Defendants state that no appeal may be taken from the denial of Plaintiff Godinez's request for an EAD.

12. Defendants admit that Plaintiff Godinez was born in June 1999, is a citizen and national of Guatemala, and entered the U.S. when she was 16 years old; she is currently 21 years old. Defendants admit that as part of the custody order, the state court Judge specifically determined that Plaintiff had been abandoned by her biological mother and that it was not in her best interest to be returned to Guatemala or to be reunited with her mother. Defendants admit that based on the state court findings, Plaintiff filed for SIJ classification using a Form I-360. Defendants deny that USCIS approved her application on March 28, 2017. By way of further answer, Defendants admit that Plaintiff Godinez filed her I-360 petition on March 28, 2017, and USCIS approved it on September 4, 2018. Defendants admit that Plaintiff Godinez then applied for her EAD along with evidence that her I-360 Petition was approved. Defendants admit that USCIS denied Plaintiff Godinez's EAD application on April 8, 2020, and the basis for the denial was stated in the decision, which speaks for itself. Defendants deny that USCIS's decision has left Plaintiff Godinez without the ability to obtain her driver's license or social security card. Defendants deny that Plaintiff Godinez is unable to seek employment or continue her education. By way of further answer, Defendants state that Plaintiff Godinez has a current visa, now, and may file an I-485 adjustment application another I-765 employment authorization application

under a different category. By way of further answer, Plaintiff may apply for a fee waiver if she cannot pay the application fee. Defendants lack sufficient information to form a belief about the truth of Plaintiff's remaining factual allegations regarding her circumstances in Guatemala or the United States. Defendants deny any remaining allegations in paragraph 12 of the Complaint.

  13. Defendants state that the allegations in paragraph 13 of the Complaint pertain only to former plaintiffs who are no longer parties to the case, and, accordingly, Defendants deny the allegations.

  14. Defendants state that the allegations in paragraph 14 of the Complaint pertain only to former plaintiffs who are no longer parties to the case, and, accordingly, Defendants deny the allegations.

  15. Defendants admit the allegations in paragraph 15 of the Complaint.

  16. Defendants admit the allegations in paragraph 16 of the Complaint.

  17. Paragraph 17 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 17 of the Complaint.

  18. Paragraph 18 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 18 of the Complaint.

  19. Paragraph 19 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 24 of the Complaint. By way of further answer, Defendants state that SIJ designees may be removed from the United States, may be denied adjustment of status, and may be denied citizenship.

25. Paragraph 25 of the Complaint states purely legal conclusions to which no response is required. Federal statutes and regulations speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. To the extent a response is required, Defendants deny any factual allegations in paragraph 27 of the Complaint.

28. Defendants incorporate by reference and restate each of the answers to the allegations in paragraphs 1 through 27 of the Complaint.

29. Paragraph 29 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. The first sentence of paragraph 32 of the Complaint states purely legal conclusions to which no response is required. Federal statutes speak for themselves. Defendants deny the allegations in the second sentence of paragraph 32 of the Complaint.

33. The Court has dismissed Count II of the Complaint. Accordingly, Defendants deny the allegations in paragraph 33 of the Complaint.

34. The Court has dismissed Count II of the Complaint. Accordingly, Defendants deny the allegations in paragraph 34 of the Complaint.

35. The Court has dismissed Count II of the Complaint. Accordingly, Defendants deny the allegations in paragraph 35 of the Complaint.

36. The Court has dismissed Count II of the Complaint. Accordingly, Defendants deny the allegations in paragraph 36 of the Complaint.

37. The Court has dismissed Count II of the Complaint. Accordingly, Defendants deny the allegations in paragraph 37 of the Complaint.

**AFFIRMATIVE DEFENSES**

1.  The only remaining Plaintiff in this case is Yosila Godinez and the only remaining claim is Count I. The Court lacks jurisdiction over the claims of the dismissed plaintiffs, and Defendants are not obligated to respond to the now-dismissed Count II.

2.  There is no right to employment authorization. The grant of employment authorization is committed to the Attorney General's discretion by law. In turn, federal regulations describe categories of aliens who may apply for employment authorization. *See* 8 C.F.R. §274a.12(c).

3.  Plaintiff Godinez based her eligibility to file for an employment authorization on 8 C.F.R. §274a.12(c)(11). The version of the regulation governing Plaintiff Godinez's application was promulgated in 1987 (52 Fed. Reg. 16216, 16221 (May 1, 1987) ("(11) Any alien paroled into the United States temporarily for emergent reasons or reasons deemed strictly in the public interest pursuant to § 212.5 of this chapter;"), and, accordingly, any procedural or policy-based challenge to the regulation is barred by the statute of limitations in 28 U.S.C. § 2401.

4.  Plaintiff Godinez alleges that USCIS maintains an arbitrary and capricious policy of denying individuals with SIJ-classification employment authorization documents, considering 8 C.F.R. §274a.12(c)(11). However, any policy-based challenge to USCIS's application of the regulation is barred by the statute of limitations in 28 U.S.C. § 2401 because USCIS's alleged "policy" predates six years before the filing of this suit, as well as Plaintiff Godinez's application.

5.  Plaintiff Godinez has not been granted humanitarian parole per INA 212(d)(5) (8 U.S.C. § 1182(d)(5)) or the then-applicable version of 8 C.F.R. § 212.5. To be eligible for

employment authorization under category (c)(11), the applicant must have been granted an INA § 212(d)(5) parole, which requires an action at a port-of-entry parole under then-applicable 8 C.F.R. § 212.5.

6. Plaintiff Godinez's claims are barred to the extent they were not first presented to USCIS under the doctrine of administrative exhaustion, and review in this matter is limited to the administrative record. *See* 5 U.S.C. § 706.

7. In general, individuals classified as SIJs are eligible to apply for employment authorization when they have a pending adjustment of status application, Form I-485. *See* 8 C.F.R. §274a.12(c)(9). Former plaintiffs Oscar Velasquez Esteban and N.V.E. were granted employment authorization under because of their pending adjustment of status applications. *See* 8 C.F.R. §274a.12(c)(9). Plaintiff Godinez has no pending application for adjustment, but she is eligible to apply for adjustment and apply for a fee waiver.

8. Defendants actions were reasonable, not arbitrary or capricious, and did not violate the APA or any other federal statute.

WHEREFORE, having fully answered each remaining allegation in Plaintiff Godinez's Complaint, Defendants respectfully request this Court dismiss Plaintiff's Complaint, enter judgment in favor of Defendants, and grant Defendants such other and further relief as the Court deems just and proper.

Date: March 3, 2021

        Respectfully submitted,

        TERESA A. MOORE
        Acting United States Attorney

By    ***/s/ Alan T. Simpson***
        Alan T. Simpson, MO #65183
        Assistant United States Attorney
        Western District of Missouri
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3130
        Facsimile: (816) 426-3165
        Email: alan.simpson@usdoj.gov
        ATTORNEY FOR DEFENDANTS